Your Honor, this is the third case of the morning. Call 208-236, beating the State of Illinois v. Phil LaPointe on behalf of the Appellant, Mr. Paul J. Glazer, on behalf of the Appellate, Mr. Edward Sennett. Good morning, Your Honor. May it please the Court? Phil LaPointe appeals the denial of leave to file successive post-conviction petition arising out of a 1978 guilty plea for the offense of murder. We understand the law envisions that just one post-conviction petition is to be filed per person, but it also permits additional ones where the circumstances warrant. The circumstances of this case, under the cause and prejudice standard, call for allowing the filing of Mr. LaPointe's successive petition. Mr. Glazer, can you tell us, in summary, why the claims alleged here are not barred under the doctrines of res judicata or waiver? The traditional res judicata and waiver rules shouldn't apply here because in a real summary fashion, Mr. LaPointe has raised these claims before, and they keep falling out. It's all to respect deaf ears from both this Court and from the Federal District Court. He's raised a specific issue regarding his attorney's failure to act on his request to withdraw his guilty plea, and they've interpreted it solely as an attack on counsel's ineffectiveness pertaining to his sentence. In 1978, when Phil, then 18, entered his blind plea, that was in June of 1978, in September, he was sentenced to natural life without parole. Five days later, he wrote to his guilty plea, his sentencing counsel, and he said, what the heck happened in my sentencing hearing? You never told me about the day-for-day good time. If I knew about day-for-day, I would have taken the four-year offer, the state offer. The judge mentioned something about withdrawing in 30 days. Let's do it. So he's telling his guilty plea attorney, let's withdraw the plea. But despite that request, the attorney went into court and asked for notice of appeal to be filed. Filed a notice of appeal, and a few days later, he files a motion to reconsider sentence. This Court in the direct appeal, in response to a defense state challenge that the issue of the appeal was not practical before the Court, this Court, back in the 78, 79, when the decision came out, said, we're going to review the issue. Counsel's ineffective for failing to file the post-plea motion, and we're going to consider the sentencing issue. That was what the Courts did back then before Will. And as I recall, the actual decision, the Court, this Court found that there was ineffectiveness. This Court found there was ineffectiveness sufficient to allow this Court to review the sentencing issue, not the guilty plea issue. No issue raised. Based on the record that we had before us back in 78, the only issue that was presented was the sentence. There was the letter to his counsel that was sent to his attorney, not to the Court. In fact, had his letter been sent to the circuit court instead of his lawyer, he would have been entitled to have the motion heard. So the ineffectiveness allegation, as it related to counsel's failure to move to withdraw the plea, was never specifically addressed? It was never addressed by this Court in the very first fill the point case. When the case went to the Illinois Supreme Court, the Illinois Supreme Court addressed on the state's petition for an appeal. The Illinois Supreme Court never addressed any procedural aspects whatsoever. It solely focused on the exceptionally brutal hands and the natural life sentence statutes. Then Phil takes it on his own and goes to the federal district court. And he raises the issue regarding trial counsel's ineffectiveness for failing to withdraw the plea. On page 2 of Judge Norgel's decision, it's in our appendix on page D2, Judge Norgel says he argues that counsel's ineffective for failing to withdraw the plea, but this issue was, this particular issue was addressed by the state courts and it has no basis for review here. But you're submitting it wasn't? Pardon me? You're submitting it was not addressed at the state court? It was never addressed, no. And when he finally wanted to raise the issue, the federal court says oh, that was already decided. So the federal court misinterpreted, misapprehended what he was arguing. Then he goes to file a post-conviction petition, his first one in state court. And this court, back in 2003, says Let's assume that this court and the justice system failed to defend him with respect to the issue of withdrawing his plea. Is this the third time he's up before this court on a post-conviction petition? Is that correct? By my count, this is his third or fourth post-conviction petition. And in any of these post-conviction petitions or appeals related there too, has he ever raised the cause and prejudice test? It wasn't until now. And he never argued cause and prejudice before. He's played with, again, he's doing this all pro se. He's arguing this about gist of a constitutional claim. He makes some arguments, but never addresses the cause and prejudice until this last time. And since this is the third or fourth, and I agree it's a little fuzzy, would waiver apply relative to the cause and prejudice test? He's had two opportunities to raise it and has failed to raise it. And now for the third or fourth time, he finally raises it. And this is sort of attacking the appellate judge or the appellate court more than the trial court. McCluskey v. Zant talks about a manifest injustice as a means by which a petitioner can claim cause. In this case here, it's difficult, it's unjust to say that Phil's waived this claim that he's pursued since his first federal habeas case. He's pursued the claim. When the courts don't address the issue directly, how can he be held to have waived it? He's raising the issue. He's raising the issue factually. He's not using cause and prejudice to fit within the current standards of the current Post-Conviction Act, but he's raising the factual claim. My lawyer never acted on my letter. I want to withdraw the plea. I had a deal. I'd rather take that than what I got. McCluskey? You have your first post-conviction petition. Usually in the second post-conviction petition, cause and prejudice is essential to get that second one. With respect to the fourth one, you might have to understand that. Well, what happened to Phil last time he was before this court, he had his third post-conviction petition, which he was not allowed to file. We wound up taking the case to the Illinois Supreme Court. The Illinois Supreme Court made it clear at the time the 90-day rule doesn't apply for successive PCs. You've got to allege cause and prejudice. He didn't allege cause and prejudice here. In fact, in this court's decision from 2003, he even said he didn't substantially comply with cause and prejudice. So this time, he went back and drafted a petition that alleged cause and prejudice, and he said, look, the cause is not me. With all due respect, it's the courts. And that's exactly what falls in McCluskey. It talks about a fundamental mischaracter of justice, but also interference from officials. And it's not intentional interference, just interference with officials. And this court, again, with all due respect, has interfered with his attempt to raise a claim challenging his trial counsel's failure to act on his request to withdraw his plea. Because of that You're making a plausible argument, but let me ask you this. Do you have any case law to support that argument that the cause and prejudice test can be met because of the court's inability or failure to address... Oh, I wish I did. I honestly looked hard at it. So the answer is no. The answer is no. I think that this is people versus LaPoint. And I'm not trying to be light about it, but all the cause... Cause typically is ineffectiveness of counsel. Ineffectiveness of counsel. Counsel didn't do this. Counsel did this. But you know, in this case, well, there was ineffectiveness of counsel from the get-go, from the letter. But every time after the act, the courts have just misinterpreted his claims. It's not a claim that we could have raised in the first appeal. Let's get that clear. The only record we have... This letter was sent to counsel, not to the court. And we don't know, it would be impossible to figure out what the original record of appeal looked like back in 1978. But if the letter is sent to his attorney, I think we can reasonably presume that the attorney didn't file it with the court. So all we have in that case was a sentencing issue. In fact, there's a letter that he offers as an attachment to his petition from the then deputy public defender to the deputy state appellate defender at the time saying, oh, Simpson, who's the guilty plea attorney, Simpson says all he wants is a set tribute. So it's just that the argument seems to be, to put it candidly, you seem to be suggesting or implying that the court was sort of ineffective in dealing with the issue. Is that so much what you're saying? In effect, yes. Was it that the court was misinterpreting, or did he not set it out clearly for the court? It is pro se pleading. Certainly, one can be forgiven for not really getting everything a pro se pleading has to say. But don't we have to hold him to the same standard? Well, holding him to that standard, the claim of my attorney was ineffective because he wouldn't withdraw my plea was made in the federal case. He made that claim. And he made that claim for his post-conviction petition. That's caused. The prejudice also seems to me very clear that had the court interpreted the claim correctly, we have a clear violation of his right to have a review of his guilty plea. The inability, the objective misinterpretation, misapprehension of the potential sentence is grounds under the Hale case, the Hale case and the other case, that says he would have had a constitutional right to have a hearing on his motion to withdraw the plea. Now, the state argues that finality is just as important as my client's right to collateral review. And I recognize this is at least the third or fourth time a post-conviction before this. This is by my count the seventh case, the seventh time I've represented him. And I'm sure if you look at the Westlaw history, the graphical history of putting a new Westlaw, you'll find a spider web of cases, a jigsaw puzzle. There's at least eight or nine, ten cases. But for 30 years, 30 years now, Phil has been trying to get a hearing on his plea and it hasn't been able to secure counsel to represent him in the circuit court to have a hearing on that issue. By allowing this case to proceed back to DuPage County to give him an attorney to represent his, to investigate the case, to get the witnesses around. Mr. Simpson's still around. The ARDC website shows he's practicing in Michigan, I think. He's still around. Let's have that hearing. Let's give my client the hearing that he's wanted 30-some years ago. And that would be the finality this case truly deserves. There is one thing to say that the court misinterpreted. Wasn't there a Finley order entered on this case where one of the attorneys who was appointed to represent him moved to withdraw because he said that there was really no issue? Yeah, because he didn't allege cause of prejudice in that petition. But you were wrong, too. Well, the petition was formally inadequate. That was our reading of the record. And to any error, if it's our error, then if we're ineffective, we should be in this case and someone else should take it over. But Mr. LaPointe should not be prejudiced by any misreading, whether it's by the court or by us. So you felt that he didn't list a meritorious claim. The trial court apparently, the appellate court apparently didn't think he had a meritorious claim. He wasn't alleging it. Let me again make that clear. Our position was the petition was not properly filed because he failed to allege cause of prejudice. Not that the specific substantive issues he was raising lacked merit, but he didn't present it in a proper form. Correct. Which brings me back to my one of my first questions to you. Do you think we misinterpreted it? Did he not lay it out? Well, the first petition, certainly the first post-conviction petition and the federal habeas, he laid the issue out. When the court says, oh, he's alleging counsel failed to move to withdraw the plea, but we dealt with that already. That tells me he's laid the claim out perfectly clear. It's as if he said, well, you know, I have a speedy trial violation and the court's meritorious complaint. The federal habeas is not the case. But, you know, we think that the instructions were okay. And that is completely not separate. He's not separate correctly. But he's done, Phil's done all he can do. He started five days after the plea and tried doing it for the following 30 years. He deserves that hearing. Let's give him the hearing. Then this case can be filed. Therefore, if there are questions we can be asked at this court. Bring me on this case. Vacate the judge below. Bring me on the case back to the circuit court for further proceedings under the Post-Conviction Hearing Act. Thank you. Do you feel that there is no waiver based on the disparity to twice come up with the... No. No. Our position is he can't he can't have waived something that he's been arguing all along. And he's been misinterpreted. I'm just talking about the cause of prejudice aspect of it. Well, in terms of the cause, the cause is... The procedural requirements. Well, the cause is both the attorney's failure to file a motion to withdraw and the appellate court failure to address the issue properly. Thank you. Good morning, your honors, your household. May it please the court, my name is Robert Psenak. I'll be addressing the people's argument in this case. Just to start off, I know counsel didn't touch on it but we raised it in our original brief to this court that we believe that this argument was waived for not having raised it on direct appeal. There's a case directly on point from this district, a second district case I think is on all fours, that Vilches case I cited in the original brief, and I'll just read a quote from it that the defendant there was trying to do the exact same thing that the defendant's trying to do here. That is, say that the record didn't support his argument, therefore he couldn't have raised the argument on direct appeal. And this is what this court said. It is true that the defendant is relying on materials outside the original record, parentheses his affidavit, that his attorney told him that he would be sentenced to at least 40 years if he went to trial, close parentheses, and that the waiver rule is relaxed in post-conviction proceedings when a defendant's claim depends on materials outside the record. And then the court said that principle would not apply here, however, because the material upon which the defendant relies should have been made part of the record. The defense counsel already admits he doesn't know if that letter that he wants to be treated as a case of 4D petition was in the record. That's one basis for this court to affirm. We don't know if it was in the record or not. But the second basis is there's no reason why it couldn't have been made of the record on direct appeal. He knew about it five days after the sentence, and this court continued in Vilches, any allegation relating to the defendant's objective confusion or lack of understanding could have been supported by affidavits at the motion to vacate stage. Because they were not, we find that the issue has been waived. It seems to be argued that the ineffective issue was raised, but the court dealt with it in the context of a sentencing order, not a motion to withdraw the guilty plea. If what the defendant wanted to challenge was the voluntariness of his plea, and if he wanted to use that record as a challenge, it should have been made part of the record on direct appeal as part of a 604D motion. For whatever reason, it was not, and Vilches is direct support for affirming the conviction in this matter. It's on all fours. Getting back to the post-conviction proceedings, in effect what defense counsel is asking this court to do is treat a petition to file a successive post-conviction petition as a super petition-free hearing, as a means by which to challenge the denial of an actual post-conviction petition, when there's no case law, as you pointed out, Justice Hudson, there's no case law to support that. It's completely uncharted territory, and defense counsel has not given this court the tools to craft such an opinion. It's just not out there. We moved to supplement the record, and I apologize for the late date on Friday, with the actual briefs from the first post-conviction petition, and if you look at the defendant's brief, the issue's not raised there. It's a one-liner without citation to authority that his plea was involuntary. He spends the entirety of his brief talking about an apprendee issue, and about whether there was a bonafide doubt as to his fitness with regard to the guilty plea. There's no mention of the guilty plea being involuntary because he was unaware of day-for-day credit. So whether or not it was raised in the post-conviction petition, which by the way, we don't know because we don't have a certified copy of the post-conviction petition here. We've already argued that on the defendant's motion to supplement the record. But whether or not it was raised, it wasn't raised in front of this court on direct appeal of the denial of the post-conviction petition. He doesn't really raise it in his reply brief. He arguably raises it in his petition-free hearing, which this court by the way denied, but then he squarely puts it in front of the Supreme Court in his PLA. If he had been as articulate in his PLA as he had been in his brief before this court, we may not be here. But he wasn't. And the issue is either way of the res judicata as you started out with the defense counsel. So your position in essence is that the defendant procedurally defaulted his claims? Yes. Yes. And if he didn't procedurally default his res judicata, the Supreme Court would not have a post-conviction petition. There's no way to treat a motion to file a successive post-conviction petition in the way defense counsel would have this court do. I mean, he's going back and trying to challenge an eight-year-old order of this court. He's trying to treat it as a petition-free hearing, and it's not that. Post-conviction motions to file post-conviction petitions, successive post-conviction petitions under the cause and prejudice standard are directed at arguments that the defendant could not have raised. He's saying he raised them. So from square one, it doesn't fit. It just doesn't fit. What about if he raised it, but the court didn't recognize it and remanded it for a hearing? That's what he's saying happened, but that's not what motions to file successive post-convictions are for. They're for arguments that the defendant could not have raised, was for some reason kept from raising. What would be the remedy, hypothetically speaking, I'm not saying it exists in this case, if somebody raises the exact issue squarely and for some reason the court does not directly deal with it but it is raised? Is the defendant then guilty of a procedural default? The remedy is a petition-free hearing, which he filed and this court denied. And then the remedy after that is an attempt to file a petition for leave to appeal, which the Supreme Court denied. And I don't know if he could have written it up to the Supreme Court. I'm not sure if he did or not. I mean, it's impossible to tell with all the appeals we have here. How do we treat the allegations of ineffective appellate counsel? Well, on the original post-conviction, he proceeded pro se, so there wouldn't be one. I'm talking about the second and third and maybe the fourth. Oh, the successive post-conviction petition? It was required to file. Justice Bowman, our primary argument is that we don't get there because it should have been raised in the post-conviction petition. But they clearly could have been raised. If you're going back to the original post-conviction petition, which he's trying to do here, and he's saying it was in the post-conviction petition and the court ignored it, there's absolutely no reason why it couldn't have been raised in the first motion to file a successive post-conviction petition. That seems cut and dry labor to me or procedural default. So was he ineffective? The appellate counsel is not raising that argument. I suppose he could have raised that argument and then ultimately he wouldn't have been ineffective because the whole thing was waived on direct appeal. I mean, this whole thing becomes a procedural morass. I think the cleanest disposition of this cause would be a Rule 23 based on Bill Chess. It's directly on point. It should have been raised on direct appeal. Well, Mr. Glazer, that's understandable. That would be your position. It was a procedural default. Mr. Glazer is making an impassioned plea that justice was denied in this case. Let me ask you this. What is your reaction to the fact that on direct appeal this Court originally found that the defense attorney's failure to move to withdraw the guilty plea amounted to ineffectiveness? So if they found that, wasn't it raised somehow? That would actually support my argument that it was waived. By who? By the defendant. If the defense attorney found it, how did he do it? I think he did argue an effective assistance to counsel on this direct appeal. But by not putting that part of the argument in the record, that it was ineffective for failure of motion to withdraw the guilty plea because my plea was involuntary, for not actually getting that part on the record. There's no reason why defense counsel on appeal couldn't have made that argument. Supported by affidavit, there's absolutely none. And wouldn't there be an effect of them for not making that argument? Your Honor, that argument could go on forever and ever. I mean, that never ends. He likes to argue forever and ever.  Thank you. Your Honor, a lot of us like to argue forever and ever. That's why we're still here. Counsel for the State, again, cites Vilches, which we distinguished in page 3 of our implied brief. Vilches, we think, is not applicable because the main thing is the judge in that case fully admonished the defendant about the sentence, including the good time provisions. I believe we issued it once. But the defendant was certainly admonished. He was claiming his attorney didn't give him proper advice, but the judge gave him proper advice. In this case, the trial judge, Judge Douglas, never in any admonishments before the plea, after the plea, whatever, talked about good time provisions. In 1978, after the Class X finally took effect, it was one of the first murder cases, I think, in DePage County to have to face Class X sentencing. And it was kind of a new thing. And the judge did not admonish him regarding the 50-50 good time. Could this have been raised in direct appeal? No, it could not have been raised in direct appeal. The direct appeal was limited to an appeal of the sentence because that was the only issue preserved on the record. The guilty plea was clean on the record. And the sentencing hearing had a couple of issues which were pursued in the appeal, but those were the only issues presented on the record. It's extremely unlikely, and no, I cannot stay here with 100 percent certainty that this letter to counsel made it to the record, but I can't imagine how it could have gotten on the record. I've never seen a letter from a client to an attorney sent after the case has been sentenced in the notice of appeal, before the notice of appeal has been filed, after the case has been sentenced. Unless the copy of the letter goes to the clerk, the clerk isn't going to include it in the record. For us to add that to the record would be going beyond the record. That's the purpose of a post-conviction petition. And that's why Phil raised this issue in his post-conviction petition. And I realize the state objects that the petition that we supplemented the record with wasn't certified. It's the only copy we were able to find. We tried with the clerk's record in our court level office. The only copy of that post-conviction petition that we could find was the one our client had that was marked filed. And this court already resolved that. The motion to supplement was allowed. The state has a new motion to supplement. We have no problem with them filing that new stuff. They filed fine. And you can see in Mr. LaPointe's brief, and you can see the state's brief, where there's a discussion of waiver and ineffectiveness claims and whatever. But I don't think it changes the outcome of this case. Is there a case directly on point supporting this? No, there is not a case directly on point where the reviewing court's rulings have been held to be cause. So you're asking us to make new law? I'm asking you to make new law. There's no case that says they can't be the cause either. This is definitely an issue of first impression. Although I'll cite again to McCluskey where Cezanne talks about where there's a miscarriage of justice that's caused in this process. And for those reasons, we ask for relief from Mr. LaPointe. Thank you. The case is taken under advice of the court downstairs in recess.